### CLARK v. DAVIS et al.

(In Banc. Oct. 23, 1944.)

[19 So. (2d) 500. No. 35684.]

Jas. A. Finley, of Tupelo, for appellant.

M. T. Adams, of Tupelo, for appellees.

Anderson, J., delivered the opinion of the court.

The appellant, Clark, brought habeas corpus in the Circuit Court of Lee County against appellees, Robert

Davis and his wife, to recover from them the custody of his child, Jimmy Ray Clark, less than a year old. The trial resulted in a judgment denying his claim, from which judgment Clark appeals.

There is very little conflict in the evidence. Clark is the father of the child. The Davises are his maternal grandparents. Some years ago the maternal grandparents moved from Lee County, in this state, to Mississippi County, Arkansas. The Davises had a daughter, Essie, of marriageable age. The appellant, the father of the child, was, at the time of the trial, a soldier in the United States army. On May 4, 1942, while on furlough, he married Essie, who was living with her parents. In February, 1943, at the home of her parents, Essie gave birth to the child involved. The mother and child continued to make their home with appellees until the 16th day of August, 1943, when the mother died at the home of her parents. The child had been very sick since June before its mother's death, and was still ill at the time of the trial. The maternal grandmother, Mrs. Davis, had exclusive custody and care of the child from the time of the death of its mother until the trial of this cause in the court below. A short time after the death of the mother the maternal grandparents moved back to Lee County, in this state, bringing the child with them. There they were making their home when this cause was tried.

The evidence tended to show that the grandparents on each side were equally competent to have the care and custody of the child, except for the facts that the mother of the child was living with her father and mother when she married, and so continued after her marriage, with her child, until her death. Since that time her mother and father have had the care and custody of the child. Soon after the birth of the child the father wrote that he wanted his mother to have its custody and care. On her deathbed the mother of the child stated that she wanted her mother to have its care and custody.

There was a difference in the financial condition of the paternal and maternal grandparents; the paternal grandfather, Clark, was receiving a salary of $200 a month, while the maternal grandfather was a successful tenant farmer, having saved several hundred dollars out of his business. The father of the child, at the time of the trial, was still in the United States army, stationed in England. The evidence showed without conflict, and the court so stated in his opinion, which is part of the record, that the real parties to the cause were not the father of the child and its maternal grandparents, but its paternal grandparents and its maternal grandparents. There was no claim that the father was to have the personal custody and care of the child. On the contrary, the evidence showed that as long as he was a soldier in the United States army that was impossible.

When the final decree was rendered the child was eleven months old. The decree, in part, is in this language: "After hearing all the evidence the court is of opinion that the infant, Jimmy Ray Clark, should be and remain in the custody, care and control of the defendants, Robert Davis and his wife, *until further ordered by the court.*" (Emphasis ours.) The rights of the father when he returns are in no wise affected.

To support the appeal, appellant cites authorities holding that as against maternal grandparents, the mother being dead, the father is entitled to the custody of his child. Among the authorities cited is Heard v. Cottrell, 100 Miss. 42, 56 So. 277. In that case the mother and father of the child were both dead. The child was about six years of age. The contest for its custody was between a sister of the father and a sister of the mother. The father had stated that he wanted his sister to have the custody of the child. The evidence showed that the two aunts were equally competent to have the care and custody of the child, and that the child had divided its time between them. The court held that the request of the father should be controlling, under the facts of that case.

Here we have a sick child, eleven months of age, who had been with his maternal grandparents all his life, who had done everything in their power to conserve his well-being, including his health.

We decline to overturn the judgment of the trial court. Affirmed.